## THE SCHOONER MAY & EVA.

### (District Court, D. New Jersey.   April 8, 1881.)

**1 JETTISON—AVERAGE CONTRIBUTION—DECK LOAD.**
> If a deck load is jettisoned for the common benefit, the owners are entitled to a general average contribution for the loss sustained, although the shipper and master both agreed that the cargo should be carried on deck.

In Admiralty.   Libel *in rem.*

*H. G. Ward,* for libellants.

*Henry R. Edmunds,* for respondents.

NIXON, D. J.   The libellants in this case were the owners of a cargo of iron pipes, shipped on board of the schooner May & Eva, at Millville, New Jersey, on the fourteenth day of October, 1879, for which the master signed two bills of lading in precisely similar terms or import; one for 31 tons, to be delivered in the city of New York, and the other for 68 tons, to be delivered at the United States military academy at West Point, in the state of New York.   These bills of lading, signed by the master, state that the said cargo was to be carried *in* and *upon* the said schooner.   In the course of the voyage the vessel encountered very tempestuous weather, which endangered the safety of herself and cargo, and the master threw overboard from the deck load 28 of the iron pipes, valued at $228.37.

The libel is filed by the owners of the cargo thus jettisoned against the vessel, her freight, and remaining cargo, for a general average contribution for the loss thus sustained for the common benefit, and claims for the owners such amounts of money respectively as their values bear in proportion to the value of the cargo sacrificed, and avers that upon a proper adjustment of the general average the sum due from the vessel is $177.29, and for the freights $3.75.

The answer put in by the respondents denies none of the material allegations of the libel, but submits that on the facts stated the libellants are not entitled to a decree, for the reason that they participated in and assented to the stowing

of a portion of the cargo on deck, and that, by the American law in admiralty, there is no contribution in general average allowed for a deck load thus jettisoned.

The libellants have properly submitted the legal question to the determination of the court before proceeding further with the cause.

The precise question is whether cargo which the shipper and master have both agreed shall be carried on deck is, as between them, the subject of general contribution. It is difficult, on principle, to perceive why it should not be so, although the books abound with decisions to the contrary. The cargo is taken on deck for the purpose of earning freight. If jettisoned for the preservation of the vessel, why should she not contribute for its loss? But the question is not an open one here. In a case of these same libellants against the schooner Sallie C. Morton, decided in this court during the June term, 1879, (2 New Jersey Law Journal, 301,) I had occasion to inquire, with some care, whether the owner of a deck load, which had been thrown overboard in a storm for the common safety of the vessel and the other cargo, could demand a contribution in general average from the property benefited by the sacrifice, and, in the midst of many conflicting authorities, I reached the conclusion that where the custom of the particular trade warranted the stowage of the lost cargo on the deck, or where there is an agreement between the master and shipper as to the deck stowage, the vessel might be held by a proceeding *in rem* for her contribution for the loss. These propositions are supported by the following cases: *Gould* v. *Oliver*, 4 Bing. (N. C.) 140; *Milward* v. *Hibberts*, 3 Ad. & El. (N. C.) 121, Lum. 406; *The Delaware*, 14 Wall. 602; *Johnson* v. *Chapman*, 19 C. B. (N. S.) 563; *The Watchful*, 1 Br. Ad. 469.

There must be a decree for the libellants, on the pleadings, and, if the parties are not able to agree upon an adjustment of the average without a reference, the case must go to the clerk, as commissioner, to ascertain and report.

NOTE. See *Wood & Co.* v. *Phœnix Ins. Co.*, 1 FED. REP. 235.